**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAULA SONIA PORTILLO, | No. 14-73322 |
| Petitioner, | Agency No. A078-567-329 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Paula Sonia Portillo, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

In the absence of a constitutional claim or question of law, we lack jurisdiction to review the BIA's determination that Portillo failed to file her asylum application within one year of her arrival and is therefore ineligible for that form of relief. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Singh v. Holder*, 649 F.3d 1161, 1164 (9th Cir. 2011) (en banc). To the extent Portillo seeks review of that determination, we dismiss the petition for review.

We need not reach the question whether Portillo's non-testimonial appearance at a criminal proceeding where the defendant was not present makes her a member of a cognizable particular social group. *Cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 n.14 (9th Cir. 2013) (en banc) (leaving open the question whether a person who participates in criminal proceedings in a less public

manner than testifying in open court might be a member of a cognizable particular social group). Even if that group were cognizable, the BIA did not err in finding that Portillo failed to establish that she would be persecuted on account of her membership in either that group or her family. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident."), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Thus, Portillo's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Portillo failed to show it is more likely than not that she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**